IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MITCHELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EQUIFAX CREDIT INFORMATION | : | No. 02 CV-3812 |
| SERVICES, EQUIFAX, INC., CHEVRON | : | |
| CREDIT BANK, N.A., HOUSEHOLD | : | |
| CREDIT SERVICES, WACHOVIA BANK | : | |
| CARD SERVICES and | : | |
| TEXACO/CITIBANK SD, | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT WACHOVIA BANK CARD SERVICES
TO COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Wachovia Bank Card Services ("**Wachovia**") answers to the plaintiff's complaint (the "**Complaint**"), and asserts affirmative defenses, as set forth below.

**ANSWER**

1. Denied. Wachovia denies violating FCRA or any other law.

2. The allegations in Paragraph 2 of the Complaint are conclusions of law to which no response is required.

3. The allegation in Paragraph 3 of the Complaint is a conclusion of law to which no response is required.

4. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required.

6. Paragraph 6 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required.

7. Paragraph 7 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required.

8. Paragraph 8 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required.

9. Admitted.

10. Paragraph 10 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required.

11. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is

deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. To the extent Paragraph 20 of the Complaint contains allegations concerning other parties to this action, no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21. To the extent Paragraph 21 of the Complaint contains allegations concerning other parties to this action, no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

SL1 281367v1/02995.839


deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains allegations concerning another party to this action and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. To the extent Paragraph 20 of the Complaint contains allegations concerning other parties to this action, no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21. To the extent Paragraph 21 of the Complaint contains allegations concerning other parties to this action, no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

SL1 281367v1/02995.839

22. To the extent Paragraph 22 of the Complaint contains allegations concerning other parties to this action, no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint. Further, the allegations in Paragraph 25 contain conclusions of law to which no response is required.

26. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint. Further, the allegations in Paragraph 26 contain conclusions of law to which no response is required.

27. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint. Further, the allegations in Paragraph 27 contain conclusions of law to which no response is required.

28. Denied. Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint. Further, the allegation in Paragraph 28 is a conclusion of law to which no response is required.

29. The allegation in Paragraph 29 of the Complaint is a conclusion of law to which no response is required.

30. The allegations in Paragraph 30 of the Complaint are conclusions of law to which no response is required.

31. The allegations in Paragraph 31 of the Complaint are conclusions of law to which no response is required.

## V. CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. EIS and Equifax)

32. Wachovia incorporates herein by reference its responses to Paragraphs 1-33 of the Complaint set forth above.

33.-37. Paragraphs 33 through 37 (and all of their subparts) of the Complaint contain allegations concerning another party to this action, and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 33 through 37 of the Complaint.

### COUNT TWO - FCRA
### (Plaintiff v. Chevron, Household, Wachovia and Texaco/Citibank)

38. Wachovia incorporates herein by reference its responses to Paragraphs 1-37 of the Complaint set forth above.

39. The allegations in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, said allegations are denied.

40. The allegations in Paragraph 40 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, said allegations are denied.

41. The allegations in Paragraph 41 constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, said allegations are denied.

## COUNT THREE –DEFAMATION
### (Plaintiff v. Eis and Equifax)

42. Wachovia incorporates herein by reference its responses to Paragraphs 1-41 of the Complaint set forth above.

43.-52. Paragraphs 43 through 52 of the Complaint contain allegations concerning another party to this action, and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 43 through 52 of the Complaint.

## COUNT FOUR - DEFAMATION
### (Plaintiff v. Chevron, Household, Wachovia and Texaco/Citibank)

53. Wachovia incorporates herein by reference its responses to Paragraphs 1-52 of the Complaint set forth above.

54. The allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

55. The allegations in Paragraph 55 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

56. The allegations in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

57. The allegations in Paragraph 57 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

58. The allegations in Paragraph 58 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

59. The allegations in Paragraph 59 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

60. The allegations in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

61. The allegations in Paragraph 61 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

62.     The allegations in Paragraph 62 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

### COUNT FIVE - CPL
### (Plaintiff v. EIS and Equifax)

63.     Wachovia incorporates herein by reference its responses to Paragraphs 1-62 of the Complaint set forth above.

64.-68.     Paragraphs 64 through 68 of the Complaint contain allegations concerning another party to this action, and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 64 through 68 of the Complaint.

### COUNT SIX - NEGLIGENCE
### (Plaintiff vs. EIS and Equifax)

69.     Wachovia incorporates herein by reference its responses to Paragraphs 1-68 of the Complaint set forth above.

70.-72.     Paragraphs 70 through 72 of the Complaint contain allegations concerning another party to this action, and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 70 through 72 of the Complaint.

### COUNT SEVEN - NEGLIGENCE
### (Plaintiff vs. Chevron, Household, Wachovia and Texaco/Citibank)

73.     Wachovia incorporates herein by reference its responses to Paragraphs 1-72 of the Complaint set forth above.

74. The allegations in Paragraph 74 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

75. The allegations in Paragraph 75 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

76. The allegations in Paragraph 76 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

### COUNT EIGHT – INVASION OF PRIVACY
### (Plaintiff vs. EIS and Equifax)

77. Wachovia incorporates herein by reference its responses to Paragraphs 1-76 of the Complaint set forth above.

78.-80. Paragraphs 78 through 80 of the Complaint contain allegations concerning another party to this action, and thus no answer by Wachovia is required. To the extent that an answer is deemed to be required, Wachovia is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 78 through 80 of the Complaint.

### COUNT NINE – INVASION OF PRIVACY
### (Plaintiff vs. Chevron, Household, Wachovia and Texaco/Citibank)

81. Wachovia incorporates herein by reference its responses to Paragraphs 1-80 of the Complaint set forth above.

82. The allegations in Paragraph 82 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

9

83. The allegations in Paragraph 83 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

84. The allegations in Paragraph 84 of the Complaint constitute conclusions of law to which no response is required. To the extent that an answer is deemed to be required, the allegations are denied.

## VI.  JURY TRIAL

85. No response is required to Paragraph 85 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Wachovia.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against Wachovia are barred because information Wachovia communicated to any third person regarding the Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE

Any purported damages allegedly suffered by Plaintiff are the result of the acts or omissions of third persons over whom Wachovia had neither control nor responsibility.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein, is barred by laches.

SL1 281367v1/02995.839

### SIXTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by the Plaintiff were, at least in part, caused by the actions of the Plaintiff himself and resulted from the Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Wachovia.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages which the Plaintiff may have suffered, which Wachovia continues to deny, were the direct and proximate result of the conduct of the Plaintiff.  Therefore, the Plaintiff is estopped and barred from recovery of any damages.

### EIGHTH AFFIRMATIVE DEFENSE

All Plaintiff's claims are barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

Wachovia's actions are subject to a qualified privilege.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries were not caused by Wachovia, but by independent intervening causes which had no relation in fact to any conduct of Wachovia.

### TWELFTH AFFIRMATIVE DEFENSE

The punitive damages claimed and alleged in Plaintiff's Complaint violate Wachovia's constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under the Pennsylvania Constitution in that they are penal in nature and tantamount to the imposition of a criminal fine, and the guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite, and uncertain.

11

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by FCRA.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Wachovia are barred because Plaintiff lacks standing to bring an action against Wachovia under 15 U.S.C. § 1681s-2.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims set forth in Counts Four, Seven and Nine of the Complaint are barred by the doctrine of preemption pursuant to 15 U.S.C. § 1681h(e) and § 1681t (b)(F).

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a condition precedent to Wachovia's liability under FCRA.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Wachovia has at all times complied with its obligation under 15 U.S.C. § 1681s-2.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Wachovia reserves the right to assert additional affirmative defenses, at such time, and to such extent as warranted by discovery and factual developments in this case.

SL1 281367v1/02995.839

WHEREFORE, defendant Wachovia Bank Card Services prays that the relief requested in the Complaint against Wachovia be denied, that Wachovia be dismissed from this action, that Wachovia be awarded its legal fees and costs incurred in defending this matter, and that Wachovia be awarded such other and further relief as the Court deems proper.


Dated:  August 1, 2002			STEVENS & LEE

					By /s/Steven J, Adams_____
						Steven J. Adams, Esquire
						Attorney I.D. No. 56293
						111 North Sixth Street
						P.O. Box 679
						Reading, Pennsylvania 19603
						(610) 478-2133

					Attorneys for defendant
					Wachovia Bank Card Services

SL1 281367v1/02995.839

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing Answer and Affirmative Defenses of Defendant Wachovia Bank Card Services were served upon the persons listed below this 1st day of August 2002, by first-class United States mail, postage prepaid, addressed as follows:

Mark D. Mailman, Esq.
Francis & Mailman, P.C.
Suite 208
1518 Walnut Street
Philadelphia, PA  19102

Catherine Olanich Raymond, Esquire
Christie, Pabarue, Mortensen & Young, P.C.
10th Floor
1880 JFK Boulevard
Philadelphia, PA 19103

Chevron Credit Bank, N.A.
2001 Diamond Boulevard
Concorde, CA  94520

Household Credit Services
1111 N. Town Center Drive
Las Vegas, NV  89144-6364

Texaco/Citibank, SD
701 East 6th Street
North Sioux Falls, SD  57117-6745

/s/Steven J. Adams
Steven J Adams, Esquire