IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN MITCHELL

          Plaintiff,

vs.

EQUIFAX CREDIT INFORMATION SERVICES, et als.

          Defendants.

Civil Action No. 02cn3812

_____

**ANSWER AND DEFENSES OF DEFENDANT CHEVRON CREDIT BANK, N.A.**

_____

Defendant Chevron Credit Bank, N.A. ("Chevron") states by way of Answer to plaintiff's Complaint as follows:

1. The allegations of this paragraph are merely a "preliminary statement" to plaintiff's complaint to which no response is required. To the extent a response is required of Chevron, Chevron denies the allegations against it in this paragraph.

2. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required of Chevron, Chevron denies the allegations of this paragraph.

3. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required of Chevron, Chevron denies the allegations of this paragraph.

4. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

5. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

6. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

7. Chevron admits that it is a business entity. Chevron denies the remaining allegations of this paragraph. By way of further answer, Chevon states that its principal place of business is located at 488 East Winchester Street, Suite 300, Murray City, Utah 84107-7590.

8. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

9. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

10. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

11. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

12. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

13. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

14. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

15. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

16. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

17. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

18. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

19. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

20. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

21. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

22. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

23. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

24. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

25. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

26. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

27. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

28. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

29. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

30. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

31. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

## **COUNT I**

32. Chevron incorporates its responses to paragraphs 1 through 31 as if fully set forth herein.

33. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

34. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

35. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

36. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

37. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

## COUNT II

38. Chevron incorporates its responses to paragraphs 1 through 37 as if fully set forth herein.

39. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

40. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

41. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

## COUNT III

42. Chevron incorporates its responses to paragraphs 1 through 41 as if fully set forth herein.

43. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

44. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required.  To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

45. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required.  To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

46. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required.  To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

47. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required.  To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

48. Denied as to Chevron.  After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

49. Denied as to Chevron.  After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

50. Denied as to Chevron.  After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

51. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required.  To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

52. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

## **COUNT IV**

53. Chevron incorporates its responses to paragraphs 1 through 52 as if fully set forth herein.

54. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

55. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

56. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

57. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

58. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

59. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

60. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

61. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

62. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

## COUNT V

63. Chevron incorporates its responses to paragraphs 1 through 62 as if fully set forth herein.

64. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required of Chevron, Chevron denies the allegations of this paragraph.

65. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required of Chevron, Chevron denies the allegations of this paragraph.

66. After reasonable investigation, Chevron is without information sufficient to admit or deny the allegations of this paragraph.

67. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

68. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

## COUNT VI

69. Chevron incorporates its responses to paragraphs 1 through 68 as if fully set forth herein.

70. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

71. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

72. The allegations of this paragraph are directed to a defendant other than Chevron, and thus no response from Chevron is required. To the extent a response is required, Chevron is without sufficient information to admit or deny the allegations of this paragraph.

## COUNT VII

73. Chevron incorporates its responses to paragraphs 1 through 72 as if fully set forth herein.

74. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

75. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

76. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

## COUNT VIII

77. Chevron incorporates its responses to paragraphs 1 through 76 as if fully set forth herein.

78. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

79. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

80. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

## COUNT IX

81. Chevron incorporates its responses to paragraphs 1 through 80 as if fully set forth herein.

82. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

83. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

84. Denied as to Chevron. After reasonable investigation, Chevron is without sufficient information to admit or deny the remaining allegations of this paragraph.

## AFFIRMATIVE AND SEPARATE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. To the extent that plaintiff can prove that Chevron made the statements alleged herein, such statements are substantially true and Chevron relies upon the truth of the statements themselves as a complete defense.

4. To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory are not pled with specificity.

5. To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory are not capable of any defamatory meaning.

6.      To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory constitute fair comment and/or fair report, and as such are privileged.

7.      To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory constitute opinion and as such are privileged.

8.      To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory are privileged under the First and Fourteenth Amendments of the Constitution of the United States.

9.      To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory were published, if at all, without actual malice or reckless disregard as to whether they were false or not.

10.      To the extent that plaintiff can prove that Chevron made the statements alleged herein, the statements alleged to be defamatory were published, if at all, without knowledge of any falsity or without reckless disregard for whether the statements were false or not.

11.      Plaintiff at no time demanded a retraction, and as such, his damages are limited.

12.      All relevant times hereto, Chevron complied with all applicable laws, regulations and standards.

13.      The damages allegedly suffered by plaintiff, if any, were caused by the acts or omissions of persons or entities other than Chevron over whom Chevron exercises no control and for whose conduct Chevron is not liable.

14.      The damages allegedly suffered by plaintiff were not the proximate or foreseeable result of any acts or omissions of Chevron.

15.      Plaintiff has failed to mitigate any damages which he may have suffered.

16. Plaintiff's claims are barred by the applicable statute of limitations, as well as the doctrines of laches, waiver, and estoppel.

17. Chevron at all times acted in good faith.

18. Chevron's answers and defenses are based upon currently available information. Chevron reserves the right to amend its answers and defenses as this matter progresses.

19. Chevron denies all allegations against it in plaintiff's Complaint that are not specifically admitted above.

**WHEREFORE**, defendant Chevron demands judgment dismissing plaintiff's claims against it with prejudice and for costs of suit, interest, attorneys' fees, and such other relief as the court deems just and equitable.

>Respectfully submitted,
>ARCHER & GREINER
>A Professional Corporation
>One South Broad Street
>Suite 1620
>Philadelphia, PA 19107
>(215) 568-4166
>Attorneys for Defendant,
>Chevron Credit Bank, N.A.
>
>By: _____
>      Mark J. Oberstaedt
>      Pa. I.D. No. 67026

Dated: August 22, 2002

1096824v1